COLLOTON, Circuit Judge,
concurring in part and dissenting in part.
I join Part II.C of the opinion of the court, and I concur in Judge Melloy’s opinion regarding disclosure requirements, except for the paragraph beginning “Third,” on page 883. In my view, that paragraph’s reliance on a state interest in deterring “improper or suspect relationships” between elected officials and supporters who make independent expenditures is inconsistent with the Supreme Court’s holding that “independent expenditures, including those made by corporations, do not give rise to corruption or the appearance of corruption.” Citizens United v. Fed. Elec. Comm’n, — U.S. -, 130 S.Ct. 876, 909, 175 L.Ed.2d 753 (2010). As the D.C. Circuit explained, however, “[b]ecause disclosure requirements inhibit speech less than *888 do contribution and expenditure limits, the Supreme Court has not limited the government’s acceptable interests to anti-corruption alone.” SpeechNow.org v. Fed. Elec. Comm’n, 599 F.3d 686, 696 (D.C.Cir.2010) (en banc). The other interests invoked by the State are sufficiently important to justify the disclosure requirements at issue here.